

**SO ORDERED.**

**SIGNED this 09 day of January, 2007.**

_____
**JAMES D. WALKER, JR.
UNITED STATES BANKRUPTCY JUDGE**
_____


UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 06-50508-JDW |
| AMRON TECHNOLOGIES, INC., | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |
| J. COLEMAN TIDWELL, | ) | ADVERSARY PROCEEDING |
| | ) | NO. 06-5081-JDW |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| DONNA G. LEGRAND, CHARLENE D. | ) | |
| NEWTON, KEITH C. MOORE, and | ) | |
| FRANCES L. MOORE, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

<u>COUNSEL</u>

For Plaintiff:   J. Coleman Tidwell
                 Post Office Box 1796
                 Macon, Georgia 31202

                 Blake Lisenby
                 Post Office Box 229
                 Macon, Georgia 31202

For Defendants:  Jason Orenstein
                 Post Office Box 4086
                 Macon, Georgia 31208

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff's motion for default judgment and Defendants' motion to file a late answer. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(K). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

On July 25, 2006, Plaintiff, the Chapter 7 Trustee, filed a complaint to avoid liens.[1] Debtor had executed a promissory note in the amount of $50,000 and security agreement in favor of Defendants, but only Donna LeGrand filed a financing statement perfecting her lien. In addition, only Ms. LeGrand filed an answer to the complaint. On September 18, 2006, Plaintiff requested entry of default against Charlene Newton, Keith Moore, and Frances Moore ("Defendants in default"). The Court held a pretrial conference on September 25, 2006. The following day, Defendants in default filed a motion to allow a late-filed answer. The Court held a hearing on Defendants' motion on November 20, 2006.

After considering the arguments of the parties, the Court will deny the motion of Defendants in default to allow a late-filed answer, and will grant Plaintiff's motion for summary judgment as to the Defendants in default.

---

[1] In addition to the defendants named in the caption, the United States and Mutual Savings Bank were also named as defendants, but the claims against them have been resolved.

3

**Conclusions of Law**

In this case, the Defendants in default seek to be allowed to file a late answer. Although such Defendants are in technical default, no entry of default has been made by the Clerk of the Bankruptcy Court. Nevertheless, it is appropriate to look to the standard for setting aside default to decide whether to allow an untimely answer. Fleet Factors Corp. v. Roth (In re Roth), 172 B.R. 777, 780 n.4 (Bankr. S.D.N.Y. 1994). Federal Rule of Civil Procedure 55(c), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7055, authorizes the Court to set aside entry of default "[f]or good cause shown." In the Eleventh Circuit, courts consider four factors when deciding whether a defendant has shown such good cause:

> (1) the promptness of the defaulting party's action to vacate the default, (2) the plausibility of the defaulting party's excuse for the default, (3) the merit of any defense the defaulting party might wish to present in response to the underlying action, and (4) any prejudice the party not in default might suffer if the default is opened.

American Express Travel Related Servs. v. Jawish (In re Jawish), 260 B.R. 564, 567 (Bankr. M.D. Ga. 2000) (Walker, J.).

In this case, Defendants in default have not satisfied the second factor because they have offered no excuse for their default. It is one thing for a defendant to care about a case but to be careless in promptly answering a complaint; it is another thing for a defendant not to care about the case. Here, Defendants in default have taken no interest in this case, offered no reason for defaulting, and offered no testimony to explain the default. Even if the Court were satisfied as to the other three factors, the absence of any excuse for the default in this case is sufficient to deny the motion of Defendants in default to file a late answer.

For the foregoing reasons, the Court will deny the motion of Defendants in default to file a late answer, will order the Clerk to enter default as to Defendants in default, and will grant Plaintiff's motion for default judgment as to Defendants in default. With respect to Defendant Donna LeGrand, the Court will set a date for trial.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT